UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

May 11, 2015

MEMO TO COUNSEL RE: AK, LLC and Adam Kerbel v. Taylor Freeezer of Albany, et al.
Civil No. JFM-14-4016

Dear Counsel:

I have reviewed the memoranda submitted in connection with defendant's motion to dismiss (document 6) in granted in part and denied in part. I would be comfortable in ruling upon the issue of whether the Terms of Conditions apply until a factual record has been established by the conducting of discovery. Likewise, I would be more comfortable in ruling upon the question of whether Mr. Adam Kerbel provided adequate notice of the alleged defects until discovery has been completed. Thus, to the extent that the motion raises these issues, it is denied.

Otherwise, the motion is granted. My rulings are as follows.

1. As plaintiffs concede, AK, LLC is not a proper party to this lawsuit.

2. Although the word "person" used in the extension of the warranty is unartful, it is clear that the "personal" extension of the warranty applies only to the "Seller," i.e. Taylor Freezer of Albany, Inc.

3. Mr. Kerbel's claims with respect to the Freezer Unit and the Oven are barred by the doctrine of *res judicata*. Claims regarding these pieces of equipment were asserted in the action filed by AK, LLC in the district court of Maryland, and these claims were dismissed with prejudice. Mr. Kerbel has cited no authority to support his argument that a dismissal with prejudice somehow is different if it is the result of a negotiated settlement rather than a judicial order, and there is no principled or analytical reason for limiting the *res judicata* doctrine only to cases in which a dismissal with prejudice was not the result of a negotiated settlement.

A conference call will be held on __May 26, 2015__ at __4:45__ p.m. to discuss the appropriate schedule in this case. I ask counsel for plaintiff to initiate the call.

Enclosed is a tentative scheduling order with approximate dates for your information. Please consult with one another before the call and be prepared to discuss whether you would like to participate in a settlement conference either before or after the completion of discovery,

any changes to the dates in the form scheduling order, and whether there is unanimous consent to proceed before a U.S. Magistrate Judge for all proceedings.

Also enclosed is a letter regarding a call-in hour program for the resolution of discovery disagreements.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                Very truly yours,

                /s/

                J. Frederick Motz
                United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 MAY 11 PM 3:35

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AK, LLC, ET AL.
   Plaintiff(s)      *

vs.           *
              Civil Action No.: JFM-14-4016

TAYLOR FREEZER OF ALBANY *
   Defendant(s)
           *

******

## TENTATIVE SCHEDULING ORDER

This scheduling order is being entered pursuant to Local Rule 103.9. Any inquiries concerning the schedule should be directed to my chambers, not to the Clerk's Office. Any party who believes that any deadline set forth in this Scheduling Order is unreasonable may request in writing a modification of the Order or that a conference be held for the purpose of seeking a modification of the Order, and any such request must be made on or before the first date set forth in Paragraph I below. Thereafter, **the schedule will not be changed except for good cause.**

This case is subject to electronic filing. Please familiarize yourself with the procedures for electronic filing available at: www.mdd.uscourts.gov. You must use the electronic filing system for filing documents with the Clerk and sending case related correspondence to chambers. **When you electronically file a document that, including attachments, is 15 pages or longer, you must also provide a paper copy of the document and a paper copy of the notice of electronic filing.** The paper copy should be sent to the Clerk's Office, not directly to my chambers.

### I. DEADLINES

| | |
|---|---|
| May 26, 2015: | Deadline for requests for modification of initial Scheduling Order |
| May 26, 2015: | Joint request for early settlement/ADR conference (This request will not postpone discovery unless otherwise ordered.) |
| May 26, 2015: | Report about deposition hours |

| | |
|---|---|
| May 26, 2015: | Initial report whether there is unanimous consent to proceed before a United States Magistrate Judge |
| May 26, 2015: | Deadline for conference about discovery of electronically stored information. (If either or both parties intend to take such discovery, before the conference counsel should review the Suggested Protocol for Discovery of Electronically Stored Information prepared by a Joint bench/bar committee published on the court's website.) |
| June 1, 2015: | Rule 26(a)(1) initial disclosures |
| June 25, 2015: | Moving for joinder of additional parties and amendment of pleadings |
| July 10, 2015: | Plaintiff's Rule 26(a)(2) disclosures |
| August 10, 2015: | Defendant's Rule 26(a)(2) disclosures |
| August 24, 2015: | Plaintiff's rebuttal Rule 26(a)(2) disclosures |
| August 31, 2015: | Rule 26(e)(2) supplementation of disclosures and responses |
| September 23, 2015: | Discovery deadline; submission of status report |
| September 30, 2015: | Requests for admission |
| October 23, 2015: | Dispositive pretrial motions deadline |
| Two week period Beginning February 8, 2016 | Trial |

## II. DISCOVERY

Initial Disclosures

This is an action in which Fed. R. Civ. P. 26(a)(1) disclosures must be made.

Discovery Conference

This action is exempted from the requirements of the first sentence of Fed. R. Civ. P. 26(d) and from Fed. R. Civ. P. 26(f). However, you are encouraged to confer with one another immediately in order to: (a) identify the issue(s), (b) set a discovery plan, (c) determine if the case can be resolved before your clients incur further litigation expense, and (d) establish a cordial professional relationship among yourselves.

Procedure

All the provisions of Local Rule 104 apply, including the following:

a. All discovery requests must be served in time to assure that they are answered before the discovery deadline. An extension of the deadline will not be granted because of unanswered discovery requests.

b. The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery. The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery deadline.

c. No discovery materials, including Rule 26(a)(1) and Rule 26(a)(2) disclosures, should be filed with the court.

d. Motions to compel shall be filed in accordance with Local Rule 104.8 and applicable CM/ECF procedures.

e. Please be familiar with the Discovery Guidelines of this Court which are Appendix A to the Local Rules.

Deposition Hours

Please confer with one another immediately concerning the number of hours of depositions which you believe are appropriate. If I have not heard from you by the date set forth in Section I of this order, each side shall be limited to 7 hours of depositions of fact witnesses (including parties). (If you agree to another number of deposition hours and notify me of your agreement, you may consider your agreement approved unless you hear from me to the contrary within 10 days.) If there are two or more parties on a particular side, they must share the deposition time allotted to their side unless upon your request I otherwise rule. Any colloquy engaged in by counsel shall be counted against his/her client's deposition time.

III. STATUS REPORT

The parties shall file on the day of the discovery deadline a status report covering the following matters:

a. Whether discovery has been completed;

3

    b.      Whether any motions are pending;

    c.      Whether any party intends to file a dispositive pretrial motion;

    d.      Whether the case is to be tried jury or non-jury and the anticipated length of trial;

    e.      A certification that the parties have met to conduct serious settlement negotiations; and the date, time and place of the meeting and the names of all persons participating therein;

    f.      Whether each party believes it would be helpful to refer this case to another judge of this court for a settlement or other ADR conference, either before or after the resolution of any dispositive pretrial motion;

    g.      Whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge conduct all further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment.

    h.      Any other matter which you believe should be brought to the court's attention.

## IV. DISPOSITIVE PRETRIAL MOTIONS

If more than one party intends to file a summary judgment motion, the provisions of Local Rule 105.2.c apply.

After motions and responses thereto have been filed, I will advise you if a hearing is to be scheduled.

## V. STATUS AND PRETRIAL CONFERENCES

I will set a scheduling conference after the status report has been filed, unless that report indicates that one or more of you intends to file a dispositive pretrial motion. In the latter event I will not set a scheduling conference until after I have ruled upon the motion (or the dispositive pretrial motion deadline passes without the anticipated motion being filed).

At the scheduling conference:

    a.      I will set a deadline for submitting the pretrial order, motions in limine, proposed voir dire questions and proposed jury instructions;

    b.    I will set a pretrial conference date and confirm the trial date set in Section I, supra; and

    c.    I will ask you whether a settlement or other ADR conference with a judicial officer would be useful, and whether all parties would consent to trial (jury or non-jury) before a U.S. Magistrate Judge. **Please confer with your client about these matters before the conference so that you are in a position to respond.**

## VI. ATTORNEYS' FEES

In any case where attorneys' fees may be sought by the prevailing party, counsel must be familiar with the provisions of Local Rule 109.2 and the Rules and Guidelines for Determining Lodestar Attorneys' Fees in Civil Rights and Discrimination Cases which are Appendix B to the Local Rules.

## VII. COMPLIANCE WITH LOCAL RULES AND CM/ECF PROCEDURES

The court will demand compliance with the Local Rules and CM/ECF procedures. If you need to obtain a copy of the Local Rules or CM/ECF procedures, they are available on our website at www.mdd.uscourts.gov.

## VIII. COMPLIANCE WITH PRIVACY PROTECTION RULE

Counsel are reminded that the Federal Rules of Civil Procedure were amended, effective December 1, 2007, with the addition of a new Rule 5.2 which has detailed requirements requiring the redaction of filings with this court that contain an individual's social security number, tax payer identification number, or birth date, the name of an individual known to be a minor, or a financial account number. It is essential that counsel comply with this rule and with the revised version of the Judicial Conference Privacy Policy adopted in March 2008. For further information on the Judicial Conference Privacy Policy see:
http://www.mdd.uscourts.gov/news/news/privacy_memo.pdf.


Date: Click here to enter a date.                    _____
                                                    J. Frederick Motz
                                                    United States District Judge

Dear Counsel:

Many members of our bar have expressed concern about the obstacles our Local Rules and practices present to timely, efficient, and inexpensive resolution of discovery disputes. In order to address these concerns, some chambers have implemented a "call-in" program for the resolution of discovery disagreements.

I will make myself available by telephone to resolve emergency discovery disputes and other discovery issues that do not require extensive briefing. The following procedures will apply:

1. Before requesting a hearing, counsel must give opposing counsel at least twenty-four hours notice of their intent to do so.

2. Counsel involved in the discovery dispute should electronically file by 4:00 p.m. on the day before the hearing short letters (not to exceed two pages) setting forth their respective positions.

3. It is the responsibility of counsel who request the hearing to arrange for a conference call at the prescribed time.

4. I will not have a record made of the hearing. If any of you want a record to be made, it will be your responsibility to have a court reporter present in your office or to arrange for the hearing to be tape recorded. Of course, in either event you must advise me and opposing counsel at the commencement of the hearing that a record is being made.

I will do my best to resolve as many disputes as I can in this informal manner. If, however, I determine that the issues are too complicated for me to do so, after hearing from you I will direct that the procedures for formal briefing be followed.

The "call-in hour" program does not displace my existing practice of making myself available whenever I can to resolve disputes as they arise during the course of a deposition. I will continue to follow that practice as well.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge